UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MALLORY C. JONES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | CIVIL ACTION FILE |
| v. | : | NO.: _____5:13-CV-232_____ |
| | : | |
| MACON-BIBB COUNTY BOARD OF | : | |
| ELECTIONS AND VOTER | : | |
| REGISTRATION; JEANETTA | : | |
| WATSON, in her official capacity as | : | EMERGENCY RELIEF REQUESTED |
| Executive Director of the Bibb County | : | |
| Board of Elections and Voter Registration, | : | |
| and MACON-BIBB COUNTY BOARD | : | |
| OF COMMISSIONERS, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**VERIFIED COMPLAINT FOR**
**DECLARATORY, INJUNCTIVE, AND OTHER RELIEF**

COME NOW Mallory C. Jones, the Plaintiff in the above styled civil action

("Plaintiff), and submits this Verified Complaint for Declaratory, Injunctive and

other Relief ("Complaint"), based on the following allegations:

**Nature of the Case**

1.

This is an action challenging the failure of the Defendants to schedule and

hold the Non-Partisan elections scheduled to occur on July 16, 2013.  Pursuant to

state law (Ga. L. 2012, p. 5595 and amended by S.B. 25), the election of the first officials to serve in the newly created consolidated government for the City of Macon and Bibb County, Georgia ("County") was to occur, via majority vote and non-partisan elections, on July 16, 2013 (the "Election").  A copy of S.B. 25 (hereinafter the "Bill") which provides for these elections is attached hereto as Exhibit A.

2.

On or about June 1, 2013, the Defendant Board of Elections announced it was unilaterally delaying the Election because pre-clearance by the United States Department of Justice ("DOJ") of the voting changes contained in the Bill had not yet been obtained pursuant to Section 5 of the Voting Rights Act ("VRA").  A copy of the Submission is attached as Exhibit B.

3.

On June 25, 2013, the United States Supreme Court held Section 4 of the Voting Rights Act (42 U.S.C. § 1973e) ("VRA") unconstitutional. Shelby County v. Holder, et al., ___ U.S. ___, 2013 WL 3,184,629.  The effect of this decision is to eliminate the pre-clearance requirement of Section 5.

4.

Plaintiff seeks a declaratory judgment holding that the Bill is valid and enforceable and requires Defendants to conduct the Election on July 16, 2013, or if that cannot be done, at the earliest possible lawful date without the re-opening of candidate qualification or any other alteration to the electoral process required by the Bill.  Plaintiff further requests the Court issue appropriate injunctive relief to enforce the declaratory judgment and to award Plaintiff's counsel reasonable attorney's fees.

## Statement of Jurisdiction

5.

This action is brought under 42 U.S.C. §§ 1983 and 1973.  This action seeks relief pursuant to Article 4, § 2, the Fourteenth Amendment to the Constitution of the United States, Article I, § I, ¶ II of the Constitution of the State of Georgia ("Constitution"), and the Voting Rights Act of 1965.

6.

This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and (4), and 2201.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).  Defendants all reside and/or function as public entities within the Middle District of Georgia and are subject to personal jurisdiction in this Court.

7.

Plaintiff has complied with O.C.G.A. § 21-2-32(g) by providing a copy of this Complaint to the Chair of the Georgia State Election Board via United States Postal Service Certified Mail, though compliance with said statute is not legally required for actions brought in this Court.

**Parties**

8.

Plaintiff Mallory C. Jones ("Jones") is a resident and elector of Bibb County, Georgia, and a candidate in the upcoming Election. He desires and intends to participate in the electoral and political processes of the consolidated Macon-Bibb County government as evidenced by his decision to qualify as a candidate for Commissioner in District Four (4) of the consolidated government.

9.

Defendant Macon-Bibb County Board of Elections and Voter Registration ("BOE") is the Elections Superintendent for Macon-Bibb County, Georgia. As such, the Board is responsible for conducting all City, County and state-wide elections in Bibb County, including those elections for the newly created consolidated government. Among other things, the BOE has the lawful duty to receive notices of candidacy and qualifying fees from candidates seeking election;

to prepare and publish all notices and advertisements in connection with the conduct of elections; to transmit to the Secretary of State a copy of any publication in which a call for an election is issued; to prepare, equip and furnish all polling places; to count all ballots; and to certify the results of all elections as prescribed by law. Service of the Summons and Complaint is being acknowledged by Counsel for the BOE.

10.

Defendant Jeanetta Watson ("Watson") is the current Executive Director of the Board located at 2445 Pio Nono Avenue, Macon, Georgia, 31206. Said Defendant is subject to the jurisdiction of this Court. Service of the Summons and Complaint is being acknowledged by Counsel for Watson.

11.

Defendant Macon-Bibb County Board of Commissioners ("Commission") is the governing authority for Bibb County and participates in the call for and the setting of the date for the Election. Service of the Summons and Complaint is expected to be acknowledged by Counsel for the Commission.

12.

The Defendants are sued in their official capacities to redress wrongful actions taken in their official capacities under color of state law. They are named as

party Defendants for purposes that include enjoining them from (a) approving any new candidate qualifications for elected positions within the consolidated government; and (b) further delaying the Election since the Bill establishing the consolidated government and the election schedule to populate its elected officers is no longer required to be "pre-cleared" by the DOJ and should be implemented immediately. Defendants' actions in unilaterally delaying the Election are outside the scope of their lawful authority and must be enjoined.

## Facts

13.

During the 2012 session, the Georgia General Assembly passed the Bill which proposed consolidation of the City and County governments subject to approval by voter referendum. Consolidation was approved by the voters on July 31, 2012.

14.

On February 8, 2013, the BOE submitted the Bill to the DOJ for pre-clearance. See Exhibit B.

15.

On or about February 14, 2013, the Governor approved Senate Bill 25, which amended the 2012 Legislation created the consolidated governments to

provide for non-partisan elections for all nine members of the new Board of Commissioners and the Mayor, with said election to occur on the third Tuesday in July, 2013.  See Exhibit A.

16.

The governing authority of the new consolidated government will consist of nine commissioners serving on a consolidated Commission and a Mayor.  The election of these officials is to occur on the third Tuesday in July which is July 16, 2013.  See Bill and O.C.G.A. § 21-2-139 (non-partisan elections).

17.

Nine (9) districts were established for the election of the Commissioners. The Mayor will be elected by a county-wide majority vote.

18.

Qualifying for the elections for the consolidated government was held April 22-26, 2013. The BOE and Watson permitted candidate qualifying in anticipation of pre-clearance of the Bill.  Plaintiff Jones qualified to seek election to the position of District Four Commissioner on April 22, 2013.

19.

The Election was scheduled by law for July 16, 2013. On or about June 1, 2013, the BOE announced it was putting the Election on hold following receipt of the DOJ's letter of May 24, 2013, seeking additional information. Exhibit C.

20.

Neither pre-clearance nor an objection by the DOJ was forthcoming prior to the decision by the United States Supreme Court on June 25, 2013, in the Shelby County case. This decision invalidated Section 4 of the VRA and thereby removed the pre-clearance requirements of Section 5 as applied to the Bill and other election changes.

21.

Since the decision in Shelby County, the Defendants have refused to conduct the Election on the date set forth in the Bill, citing the delay in the electoral process created by its decision to stay the Election.

22.

A genuine controversy exists between Plaintiff Jones and the Defendants as to the scheduling of the Election. Plaintiff has no adequate remedy at law and no other way to guarantee his rights in connection with the upcoming Election other than through the relief sought in this Complaint. Plaintiff will suffer irreparable

harm if candidate qualifying is reopened and the election is further delayed, and the injury will continue until the electoral process proposed by the BOE is declared to be unconstitutional as a product of the unconstitutionality of Section 5 of the VRA.

## COUNT ONE: VIOLATION OF EQUAL PROTECTION DUE PROCESS, AND THE VRA

23.

Plaintiff incorporates by reference all previous allegations contained in this Complaint.

24.

Pursuant to the United States Constitution and federal statute, the right to vote is a fundamental right guaranteed to U.S. citizens.  It is a right that cannot be arbitrarily manipulated or denied by Defendants.

25.

The Fourteenth Amendment to the United States Constitution, § 1, provides that: "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

26.

42 U.S.C. § 1983 provides, in relevant part, as follows:

> Every person who, under color of any statue, ordinance,
> regulation, custom, or usage, of any State or Territory of
> the District of Columbia, subjects, or causes to be
> subjected any citizen of the United States or other
> person within the jurisdiction thereof to the deprivation
> of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured
> in an action at law, suit in equity, or other proper
> proceeding for redress. . . .

27.

Defendants are "person[s]" and Plaintiff is a "citizen of the United States"
within the meaning of 42 U.S.C. § 1983.

28.

Under the First and Fourteenth Amendments, it is unlawful for a government
to refuse to conduct elections under the terms provided for by law.

29.

Plaintiff intends and desires to participate in the electoral and political
processes of the City of Macon and Bibb County, Georgia.

30.

Plaintiff's constitutional right to vote and to seek elective office has been
arbitrarily diluted and debased by Defendants, acting under color of state law,

through their failure and refusal to conduct the Election for the new consolidated government according to law.

31.

There is no adequate remedy at law for the irreparable harm Plaintiff will suffer.  The Defendants' refusal to conduct the Election denies Plaintiff his right to vote and to seek public office.

32.

Accordingly, Plaintiff is entitled to permanent injunctive and declaratory relief declaring the unilateral delay of the elections unconstitutional and requiring the Election to be held at the earliest feasible date.

**WHEREFORE**, Plaintiff respectfully prays that this Court grant the following relief:

A)     Assume jurisdiction of this case;

B)      Enter a declaratory judgment holding that the Defendants must comply with the Bill and conduct the Election on July 16, 2013, or as soon thereafter as legally possible;

C)     Enjoin any reopening of candidate qualification for the Election;

D)     Award Plaintiff the costs and attorney's fees of this action pursuant to 42 U.S.C. § 1988 and the VRA; and,

F)      Award Plaintiff all other relief which the Court deems necessary and proper.

/s/ A. Lee Parks
A. Lee Parks
Georgia Bar No. 563750
lparks@pcwlawfirm.com


/s/  David F. Walbert
David F. Walbert
Georgia Bar No. 730450
dwalbert@pcwlawfirm.com

**PARKS, CHESIN & WALBERT, P.C.**
75 Fourteenth Street, 26th Floor
Atlanta, GA 30309
(404) 873-8000 Telephone
(404) 873-8050 Facsimile
**Counsel for Plaintiff**

/s/ Harlan S. Miller
Harlan S. Miller
Georgia Bar No. 506709
hmiller@pcwlawfirm.com

**OF COUNSEL:**

**PARKS, CHESIN & WALBERT, P.C.**
3646 Vineville Avenue
Macon, GA  31204
(478) 216-8529 Telephone
(478) 477-8043 Facsimile

## VERIFICATION

I, Mallory C. Jones, make this verification under oath and state that I am the Plaintiff in this matter; that I have read the foregoing Verified Complaint for Declaratory, Injunctive and other Relief and that I hereby verify that the allegations of fact contained in said Complaint are true and correct and that as Plaintiff in this action, I will suffer irreparable injury if the injunctive relief requested is not granted.

This ___27___ day of June, 2013.

_____
Mallory C. Jones

Sworn to and subscribed before me
this _27th_ day of June, 2013.
_____
NOTARY PUBLIC
My Commission Expires: _8/10/13_