RECEIVED
CLERK'S OFFICE

2013 JUL -9 PM 1:55

U.S. DISTRICT COURT
MIDDLE DIST. OF GEORGIA
MACON. GEORGIA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MALLORY C. JONES, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| MACON-BIBB COUNTY BOARD OF | : | |
| ELECTIONS AND VOTER REGISTRATION; | : | **CIVIL ACTION FILE** |
| JEANETTA WATSON, in her official capacity | : | |
| as Executive Director of the Bibb County Board | : | NO.: 5:13-cv-00232-CAR |
| of Elections and Voter Registration, | : | |
| | : | |
| Defendants. | | |

## CONSENT ORDER

The Complaint in this action was filed on June 27, 2013. Plaintiff

challenges the election, or more precisely the lack of an election, to fill the new

positions for the nine commissioners and mayor of the newly created consolidated

government of Macon-Bibb County. The election was originally scheduled by

state law to occur on July 16, 2013. The issues in this case arise out of the conflict

between state law and Section 5 of the Voting Rights Act ("VRA"), 42 U.S.C. §

1973c, which led the Macon-Bibb County Board of Elections and Voter

Registration ("BOE") to indefinitely delay that election on June 5, 2013.

On June 25, 2013, the United States Supreme Court held unconstitutional Section 4 of the VRA which sets forth the formula for identifying a "covered jurisdiction" under Section 5. *Shelby County v. Holder*, ___ U.S. ___, 2013 WL 3,184,629. The effect of that decision was to eliminate the preclearance requirement of Section 5 for the state laws providing for the election of the governing body of Macon-Bibb County, including Senate Bill 25 passed during the 2013 session of the Georgia General Assembly ("S.B.25"). This law is now enforceable, despite the fact S.B.25 had not yet been precleared by the Department of Justice ("DOJ").

## PARTIES

Plaintiff Jones is a registered voter who qualified as a candidate for the District Four seat on the new Macon-Bibb County Board of Commissioners ("BOC").

The Defendant BOE is the Election Superintendent for Bibb County and all municipalities therein. It is responsible for conducting all city, county and statewide elections within Bibb County, including the nonpartisan elections for the new consolidated government. Among other things, the BOE receives notices of candidacy and qualifying fees from candidates seeking election; prepares and publishes all notices and advertisements in connection with the conduct of

elections; transmits to the Secretary of State a copy of any publication in which a call for an election is issued; prepares, equips and furnish all polling places; counts the ballots; and certifies the results of elections as prescribed by law.

## FACTS

The Georgia General Assembly first enacted legislation providing for consolidation of the Macon and Bibb County governments during the 2012 session of the legislature.  Ga. L. 2012, p. 5595.  Consolidation was precleared by the DOJ on July 3, 2012, and then approved in a voter referendum on July 31, 2012.  The governing authority of the consolidated government under the 2012 consolidation legislation will consist of the Board of Commissioners to be elected from nine voting districts established by state law and a mayor elected by a county-wide vote. This election was originally scheduled to occur on the same date as the general election in November 2013.

In its 2013 session, the General Assembly amended the consolidation legislation by enacting S.B. 25.  *See* Exhibit A to Complaint (Doc. 1-2).  Under S.B. 25, the nine commissioners and mayor were to be elected by majority vote in a nonpartisan special election to be held on July 16, 2013.

On February 18, 2013, the BOE submitted S.B. 25 to the DOJ for preclearance.  *See* Exhibit B to Complaint (Doc. 1-3).  The BOE and Defendant

Watson permitted candidate qualifying to occur on April 22-26 in anticipation of

preclearance of S.B. 25.  Instead, the DOJ sent a letter dated May 24, 2013, stating

that it did not have sufficient information to render a decision with respect to

preclearance and requested additional information.  The DOJ also advised that a

new 60 day period in which to consider the submission under Section 5 of the

VRA would begin upon receipt of the additional information.  In response to the

letter from DOJ, the BOE announced on June 5, 2013 that it was postponing the

election. *See* Exhibit C to Complaint (Doc. 1-4).  The BOE's notice provided, in

part:

> Notice is hereby given that the Nonpartisan Special Election that was
> scheduled to be held in Bibb County, Georgia on Tuesday, July 16,
> 2013, to elect the Mayor and nine Commissioners of the newly
> restructured government to be known as Macon-Bibb County has
> been postponed **indefinitely**; pending a ruling from the Department of
> Justice at which time, a new election date and candidate qualifying
> period will be decided. (*Emphasis added*).

The BOE submitted the requested additional information to the DOJ on June

7, 2013, but neither pre-clearance nor an objection by the DOJ occurred prior to

the decision of the *Shelby County* case, which eliminated the preclearance

requirement for S.B. 25 and any other duly enacted Georgia laws pertaining to

election of the commissioners and mayor for Macon-Bibb County.  These laws are

now fully enforceable.

As noted in another recent election case in this Court, the mechanics of conducting elections, preparing ballots, and administering the electoral process are not without complications. *See, Miller v. The Bibb County School District*, Civil Action No.: 5:12-cv-00239-HL, M.D. Ga. Macon Div. (Order of June 29, 2012, Doc. 9, pp. 4-5, 7). For example, the BOE, like other Georgia counties, utilizes the Center for Elections Systems at Kennesaw State University to construct the databases it uses in the election process, based on applicable district lines. Because of these practical complications and the fact that the election process was not precleared by the DOJ, which led the BOE to suspend the election on June 5th, it is no longer practical to have an orderly election that fully complies with Georgia law on the legally mandated date of July 16, 2013.

On June 26, 2013, the BOE called and advertised a meeting for the evening of June 27, 2013 at which time issuing the call for a new election date was to be considered. Plaintiff's counsel had advised counsel for the BOE that this action would be filed on June 27th, and the Complaint was filed that morning. In lieu of an election on July 16th, Plaintiff sought relief from this Court ordering that the election be held on the third Tuesday in September of this year – *i.e.*, September 17, 2013 – which is the next regularly scheduled date permitted for a nonpartisan election in the State of Georgia. *See* O.C.G.A. § 21-2-139. At its meeting on June

27th, the BOE approved September 17, 2013 as the date for the election, and the election superintendent was authorized to issue the call for the election on that date.

While the September 17th date is not what is prescribed by S.B. 25, the court finds, and the parties agree, that September 17th is the date that most closely fulfills the intent of the General Assembly and complies with state law governing special elections. There is no opportunity for the General Assembly to pass other legislation prescribing an alternative date since the legislature will not be in session again until 2014.

As the court noted in its orders in the *Miller* case, rescheduling of a new date for election entails the resolution of numerous additional issues pertaining to the administration of the election, including absentee voting, advance voting, additional qualifying of candidates, and the like. The Court directs the parties to provide for such matters as may arise in a proposed order, such orders modifying the requirements of Georgia election law only to the extent that may be necessary on account of the suspension of the original election and the change of the date of the election to September 17, 2013.

It is hereby ORDERED, ADJUDGED AND DECREED that elections for the initial commissioners and mayor of Macon-Bibb County will be held on

September 17, 2013, and Defendants and all persons in active concert with them are hereby ORDERED to take all steps that may be necessary to ensure that the terms of this order are fully carried out; and it is further

ORDERED that any run-off elections required because a candidate for any of the offices involved does not receive a majority of the votes initially will occur on October 15, 2013; and it is further

ORDERED that voter registration shall end on August 19, 2013, for the rescheduled election and for any run-off that may be required; and it is further

ORDERED that persons who qualified during the April qualifying period as candidates for the commission or mayor of Macon-Bibb and who meet the requirements of Georgia law shall be deemed as having qualified for the re-scheduled election of September 17, 2013, except that any person who has qualified as a candidate for the commission or mayor of Macon-Bibb may withdraw his or her candidacy by giving written notice to that effect to Defendant Watson on or before July 17, 2013 at 12:00 p.m. and such person(s) shall be entitled to a refund of their qualifying fee; and it is further

ORDERED that a supplemental qualifying period for candidates for the mayor and commission of Macon-Bibb County shall be held July 22-24, 2013, such supplemental qualifying closing at 12:00 p.m. on July 24, 2013; qualifying

during this supplemental period shall be conducted in accordance with the requirements of Georgia law; and it is further

ORDERED that absentee voting will commence as soon as practicable after the conclusion of the supplemental qualifying period and continue thereafter as provided by Georgia law; and it is further

ORDERED that advance voting will take place from Monday August 26, 2013, to Friday September 13, 2013, and shall be conducted pursuant to Georgia law, including O.C.G.A. § 21-2-385(d); and it is further

ORDERED that Defendants shall take reasonable steps to ensure that the terms of this order, including in particular the supplemental qualifying period, are given appropriate coverage in the media in Bibb County; Defendants shall further post a copy of this order on their website and post it prominently in their main office and Defendants shall send a copy of this order, by email or regular mail, to those persons who have already qualified as candidates for election as commissioner or mayor of Macon-Bibb County commission; and it is further

ORDERED that all requirements and provisions of Georgia law shall apply to the elections being conducted pursuant to this order to the extent they are not in conflict with the terms of this or any other orders the court may issue in this action; and it is further

ORDERED that the Court will retain jurisdiction to enter such other and further orders as may become appropriate in connection with the conduct of the elections affected by the court's order. The parties are directed to confer and, to the extent necessary, promptly present to the Court a proposed order that will address any administrative matters not dealt with herein that arise from the changing of the date for the election of the new Macon-Bibb County commissioners and mayor.

SO ORDERED this __9__ day of July, 2013.


_____
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

Consented to by:

_____
David F. Walbert
Georgia Bar No. 730450
dwalbert@pcwlawfirm.com

_____
A. Lee Parks
Georgia Bar No. 563750
lparks@pcwlawfirm.com
PARKS, CHESIN & WALBERT, P.C.
75 Fourteenth Street, 26th Floor
Atlanta, GA 30309
(404) 873-8000 Telephone
(404) 873-8050 Facsimile

OF COUNSEL:

Harlan S. Miller
Georgia Bar No. 506709
hmiller@pcwlawfirm.com
PARKS, CHESIN & WALBERT, P.C.
3646 Vineville Avenue
Macon, GA  31204
(478) 216-8529 Telephone
(478) 477-8043 Facsimile


 /s/  Virgil L. Adams
Virgil L. Adams
*(By DFW with express permission)*
Georgia Bar No. 004625
vadams@adamsjordan.com
D. James Jordan
Georgia Bar No. 404465
djordan@adamsjordan.com
ADAMS & JORDAN, P.C.
P. O. Box 928
Macon, GA  31201-0928
*Counsel for Macon-Bibb County*
*Board of Elections and Voter Registration*
*and Jeanetta Watson*